Abram Charles Zukor, Esquire
State Bar Number 60228
Marilyn H. Nelson, Esquire
State Bar Number 137074
ZUKOR AND NELSON
9665 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212
Telephone: (310) 274-0846

Attorneys for Plaintiffs MORGAN STECKLER and LISA STECKLER



FILED
CLERK, U.S. DISTRICT COURT
JUL 1 8 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                                DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MORGAN STECKLER and
LISA STECKLER,

  Plaintiffs,

vs.

RACHID MEKAOUI;
EXPERIENCE IT! TOURS, LLC.,

  Defendants

Case No: CV13- 5187 PLA

COMPLAINT FOR NEGLIGENCE;
LOSS OF CONSORTIUM;
NEGLIGENT INFLICTION OF
EMOTIONAL DISTRESS

DEMAND FOR JURY TRIAL



RECEIVED
CLERK, U.S. DISTRICT COURT
JUL 1 6 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                                DEPUTY

1

Plaintiffs MORGAN STECKLER and LISA STECKLER allege as follows and demand a jury trial as to the claims set forth herein:

## GENERAL ALLEGATIONS

1. Jurisdiction: The jurisdiction of the Court over the subject matter of this action is predicated on 28 U.S.C. Section 1332, Diversity Jurisdiction, and 28 U.S.C. 2671, Federal Tort Claims Act. The Plaintiffs, MORGAN STECKLER and LISA STECKLER are residents of the County of Los Angeles, State of California. Defendant RACHID MEKAOUI is a resident of Morocco. Defendant, EXPERIENCE IT! TOURS, LLC (hereinafter referred to as "TOURS") is a limited liability corporation with its principal place of business located at 171 Weeks Road, Springfield, New York 13468.

2. Venue is proper in the Central District of California because a substantial part of the events giving rise to the claim, including booking the tour, occurred from Plaintiffs' home, which is located in this District.

## FIRST CLAIM FOR RELIEF

(By Plaintiffs Against All Defendants for Negligence)

3. Plaintiffs incorporate herein the allegations contained in paragraphs 1 and 2 as though set forth herein in their entirety.

4. Plaintiffs are informed and believe and on such information and belief allege that at all times herein mentioned, Defendants RACHID MEKAOUI and TOURS were engaged in a joint venture, as well as the agents and employees of their Co-Defendants and, in doing the things herein alleged, were acting within the purpose and scope of

said agency, employment and joint venture.

5. On December 24, 2012, Plaintiffs MORGAN STECKLER and LISA STECKLER were on a tour of Morocco, designed, planned, operated, managed, organized and conducted by Defendants RACHID MEKAOUI and TOURS.

6. At said time and place, Defendants RACHID MEKAOUI and TOURS negligently, carelessly, recklessly and unlawfully designed, planned, operated, managed, and organized the Moroccan tour when, after stopping at a location selected by Defendant RACHID MEKAOUI for a photo opportunity en route from Fez to Erfoud, Defendant RACHID MEKAOUI increased the inherent risk of danger of the sightseeing tour by instructing Plaintiff MORGAN STECKLER to jump from a roadside barrier down into a rock formation.

7. As a direct and proximate result of the negligent, careless, reckless, unlawful acts of Defendants, and each of them, in increasing the inherent risk of danger of the sightseeing tour, Plaintiff MORGAN STECKLER was injured when he followed Defendant RACHID MEKAOUI's instructions, jumped and landed on a rock formation, thereby proximately causing the injuries and damages as hereinafter described.

8. As a direct and proximate result of the negligence, carelessness and unlawfulness of Defendants and each of them, and the resulting catastrophic landing as herein alleged, Plaintiff MORGAN STECKLER was injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause Plaintiff

MORGAN STECKLER great mental, physical and nervous pain and suffering. Plaintiffs are informed and believe and on such information and belief allege that said injuries would result in some permanent disability to him, all to Plaintiff MORGAN STECKLER's general damage in an amount to be proven at the time of trial.

9. As further proximate result of said negligence and increased inherent risk in a sightseeing tour, Plaintiff MORGAN STECKLER has been and in the future will be required to obtain the services of physicians and to incur other medical expenses. At this time, Plaintiffs do not know the reasonable value of such services and expenses, but will ask leave to insert the same in this complaint when ascertained.

10. At the time of the events described herein, Plaintiff MORGAN STECKLER was gainfully employed. As a further direct and proximate result of the negligence of Defendants, and each of them, as herein alleged, Plaintiff MORGAN STECKLER was prevented from attending to his usual occupation or any occupation whatsoever and has been damaged in an amount to be determined at the time of the trial. Plaintiffs are informed and believe and on such information and belief allege that by reason of the said negligence of Defendants RACHID MEKAOUI and TOURS, Plaintiff MORGAN STECKLER will in the future, be prevented from attending to his usual occupation for an undetermined period of time, all to his damage in a sum unknown to him at this time, and Plaintiffs will ask leave to amend this complaint accordingly when the same has been ascertained.

## SECOND CLAIM FOR RELIEF

(By Plaintiff LISA STECKLER against All Defendants for Loss of Consortium)

11. Plaintiffs incorporate herein each and every allegation contained in paragraphs 1 and 2 as though set forth herein in their entirety, and paragraphs 4 through 10 of the First Claim for Relief.

12. At all times herein mentioned Plaintiffs MORGAN STECKLER and LISA STECKLER were and now are husband and wife.

13. On or about December 24, 2012, at the aforesaid location, Defendants RACHID MEKAOUI and TOURS negligently, carelessly, recklessly and unlawfully designed, planned, operated, managed, and organized the Moroccan tour when, after stopping at a location selected by Defendant RACHID MEKAOUI for a photo opportunity en route from Fez to Erfoud, Defendant RACHID MEKAOUI increased the inherent risk of danger of the sightseeing tour when he instructed Plaintiff MORGAN STECKLER to jump from a roadside barrier down into a rock formation.

14. Prior to the injuries, Plaintiff LISA STECKLER's spouse, MORGAN STECKLER was able to and did perform his duties as a husband. Subsequent to the injuries, as a proximate result thereof, Plaintiff LISA STECKLER's spouse, MORGAN STECKLER has been unable to perform the necessary duties as a husband and the work and services usually performed in the care, maintenance and management of the family home, and Plaintiff LISA STECKLER has been denied the support, conjugal society, comfort, affection and companionship of Plaintiff MORGAN STECKLER.

15. Plaintiff LISA STECKLER is informed and believes and on such information and belief alleges that her husband's injuries and condition are permanent, and that Plaintiff LISA STECKLER will forever be denied and deprived of her husband's consortium, all to Plaintiff LISA STECKLER's general damage in sums to be specified according to law.

### THIRD CLAIM FOR RELIEF

(By Plaintiffs Against Defendant for Negligent Infliction of Emotional Distress)

16. Plaintiffs incorporate herein the allegations contained in paragraphs 1 and 2 as though set forth herein in their entirety, paragraphs 4 through 10 of the First Claim for Relief, and paragraphs 12 through 15 of the Second Claim for Relief.

17. At all times herein mentioned, Plaintiff LISA STECKLER was in close proximity to the hereinabove described accident and personally witnessed her husband Plaintiff MORGAN STECKLER follow Defendant RACHID MEKAOUI's instructions, and jump, thereby landing on a rock formation.

18. Because Plaintiff MORGAN STECKLER was injured due to Defendant RACHID MEKAOUI's negligence and carelessness, as well as his instructions increasing the inherent danger of the Moroccan sightseeing trip, and as a proximate result thereof, Plaintiff LISA STECKLER sustained great emotional disturbance and shock and injury to her nervous system, all of which have caused, continue to cause, and will cause her great physical and mental pain and suffering, all to her damage in sums to specified according to law.

WHEREFORE, Plaintiffs pray for judgment against Defendants, as follows:

1. For general damages in an amount to be proven at the time of trial;

2. For all medical and related expenses according to proof;

3. For all loss of earnings according to proof,

4. For costs of suit incurred herein; and,

5. For such other and further relief as the Court may deem just and proper.

Dated: July 3, 2013

ZUKOR AND NELSON

MARILYN H. NELSON, ESQUIRE
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: July 3, 2013                ZUKOR AND NELSON

*[signature]*

MARILYN H. NELSON, ESQUIRE
Attorney for Plaintiffs

Name & Address:
Marilyn H. Nelson, Esq., SBN 137074
Abram C. Zukor, Esq., SBN 60228
ZUKOR AND NELSON
9665 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN STECKLER and LISA STECKLER<br><br>PLAINTIFF(S)<br>v.<br>RACHID MEKAOUI;<br>EXPERIENCE IT! TOURS, LLC.,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV13- 5187 DLA<br><br><br>SUMMONS |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Marilyn H. Nelson__, whose address is __Zukor and Nelson 9665 Wilshire Blvd., Ninth Floor, Beverly Hills, CA 90212__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __JUL 1 8 2013__

Clerk, U.S. District Court

By: __JULIE PRADO__
   Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                         SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
MORGAN STECKLER and LISA STECKLER

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
RACHID MEKAOUI; EXPERIENCE IT! TOURS, LLC.,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Marilyn H. Nelson, Esq., SBN 137074
Abram C. Zukor, Eqs., SBN 60228
Zukor and Nelson
9665 Wilshire Boulevard, Ninth Floor, Beverly Hills, California 90212

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** -For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Negligence; Loss of Consortium; Negligent Infliction of Emotional Distress
28 U.S.C. Section 1332, Diversity Jurisdiction; 28 U.S.C. 2671 Federal Tort Claims Act.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** ☐ 463 Alien Detainee | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 510 Motions to Vacate Sentence | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | **Other:** | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ- enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com- modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities- Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: CV13- 5187

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)    CIVIL COVER SHEET    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York; Morocco; |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _[signature]_   DATE: 7-8-13

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |